UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN C. MOORE, :
:
      Plaintiff :
:
v. : CIVIL NO. 3:CV-13-2771
:
ANGELA D. MANN, et al., : (Judge Kosik)
:
      Defendants :

**MEMORANDUM**

Plaintiff, Brian C. Moore, an inmate confined at the State Correctional Institution at Smithfield, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are seven (7) employees at the State Correctional Institution at Coal Township (SCI-Coal Township) and John E. Wetzel, the Secretary of the Pennsylvania Department of Corrections. Prior to the court screening the complaint, Plaintiff filed an amended complaint in this matter. (Doc. 10.) As such, the amended complaint will serve as the standing complaint in this action. Presently pending before the court are Plaintiff's motion for a preliminary injunction (Doc. 11) and his motion for an order directing Defendants to answer his complaint (Doc. 14).

I. **Background**

In the amended complaint, Plaintiff alleges that during the summer of 2011, Defendant Mann participated in sexual activities with an inmate in her office at SCI-Coal Township. Thereafter, Mann began discussing details of Plaintiff's criminal case with other staff members and inmates at the prison. She also told Officer Spade that Plaintiff has an "attitude problem." This statement was repeated by Spade to Defendant Foulds. Plaintiff also believes that Mann attempted to move him to another unit in 2011. In September/October of 2011, Plaintiff alleges that Mann told Defendant Herring that Plaintiff was "out of his mind and a child rapist who belonged in a psychiatric hospital." This statement was made loudly in front of other staff members and inmates. In October, Mann told Defendant Bryner that Plaintiff is a snitch and a pedophile.

As a result of the above discussions by Defendants with staff and inmates with respect to Plaintiff's criminal case, Plaintiff states that he was threatened with bodily harm at SCI-Coal Township in 2011-12 and at SCI-Smithfield in 2013. He states that he brought his concerns about Mann's behavior to the attention of Defendant Foulds in September of 2011.

On November 14, 2011, Plaintiff states that he again witnessed Defendant Mann engaging in sexual activities with an inmate in her office. When the inmate left the office, Plaintiff then entered. On the same date, Mann wrote a misconduct report

2

(#429102) against Plaintiff for sexual harassment. He was later found guilty of the charges, and sanctioned to 270 days in the Restricted Housing Unit. As a result, Plaintiff claims that he has lost many months of earned wages. He claims that Defendants Zamboni and Bryner were both working the same shift in the same unit as Defendant Mann on November 14, 2011, and were aware of her sexual activities, but made no attempt to stop them.

Plaintiff filed Grievance #401780 raising the above issues. Defendant Long was assigned to investigate. Plaintiff was unsuccessful at all levels of the grievance appeal process to Defendants Varano and Wetzel. Plaintiff does state that he was interviewed in March 2012 by the Office of Special Investigations and Intelligence with regard to his allegations.

Based on the foregoing, he claims that his due process rights were violated and that he was subjected to intentional infliction of emotional distress. He further maintains that his Eighth Amendment rights were violated, his character was defamed, the DOC policy on sexual harassment/contact with inmates was violated, as was the Pennsylvania Constitution. He seeks declaratory, injunctive and monetary relief.

## II. Discussion

The amended complaint is currently before the court for screening and service will be directed. As such, Plaintiff's pending motion to direct service on the

Defendants (Doc. 14) will be denied as moot. Also pending is Plaintiff's motion for preliminary injunctive relief against Defendants who are employed at SCI-Coal Township. Plaintiff is now confined at SCI-Smithfield. In the motion, he basically reasserts the claims contained in his complaint, and states that Defendants' actions are "ongoing" and unlikely to change in the future. He states that he fears for his safety from the inmates at SCI-Coal Township and SCI-Smithfield.

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, ___ U.S. ___, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). The Third Circuit has outlined four requirements that a court ruling on a motion for a preliminary injunction must consider: (1) whether there is a reasonable probability of success on the merits; (2) whether irreparable injury will result without injunctive relief; (3) whether granting the injunction will result in even greater harm to the nonmovant; and (4) whether granting the injunction is in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001). The movant bears the burden of establishing these elements. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chamberlain, 145 F. Supp.2d 621, 625 (M.D. Pa. 2001). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. See Stilp v. Contino, No. 1:09-cv-0524, 2009 WL 1842087 at *4 (M.D. Pa. June 29, 2009) citing Swartzwelder v. McNeilly,

4

297 F.3d 228, 234 (3d Cir. 2002).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F.Supp.2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

In the instant motion, Plaintiff raises the very claims set forth in his amended complaint. In essence, he appears to seek a speedier resolution of his claims by way of the filing of a motion for injunctive relief. First, Plaintiff seeks injunctive relief against behavior by Defendants that are employed at SCI-Coal Township, and Plaintiff is no longer incarcerated there. Although he alleges that Defendants' behavior is now having an effect on him at his new prison, he fails to set forth any facts that would support an inference that his safety is somehow compromised at SCI-Smithfield. He fails to demonstrate how Defendants' alleged unconstitutional behavior has affected him at SCI-Smithfield or even allege that Defendants have had any communications with any staff member or inmate at SCI-Smithfield that jeopardizes his safety. Plaintiff fails to demonstrate that he will suffer irreparable harm if his motion for preliminary injunctive relief is denied. A preliminary

5

injunction cannot be granted absent a showing of irreparable harm. Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). The moving party must offer a "clear showing of immediate irreparable injury." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); see also Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989). This is not an easy burden. It is also a burden that Plaintiff has not met here. He generally makes conclusory allegations that because Defendants spoke about his criminal conduct to staff and inmates at SCI-Coal Township, that his safety is currently threatened at SCI-Smithfield. These allegations are speculative at best. For these reasons, the pending motion for a preliminary injunction will be denied. An appropriate order follows.