UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN C. MOORE, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-13-2771 |
| | : |
| ANGELA D. MANN, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**MEMORANDUM**

**I.   Background**

This civil rights action filed pursuant to 42 U.S.C. § 1983 by Brian C. Moore proceeds on an amended complaint. (Doc. 10.) Named as defendants are John Wetzel, Secretary of the Department of Corrections, and numerous employees at the State Correctional Institution at Coal Township, Pennsylvania. In the complaint, Plaintiff sets forth allegations including the failure to protect and the issuance of a false misconduct. Defendants have filed a motion to dismiss the amended complaint which will be addressed in a separate Memorandum. Presently before the court for consideration is Defendants' motion to stay discovery pending resolution of the motion to dismiss. (Doc. 31.) For the reasons that follow, the motion will be granted.

## II.     Standard of Review

A district court has discretion to defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless.  See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D. N.Y. 2002).  Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.  In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)(quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D. N.Y. 1991))(citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D. N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 Wl 101277, at *2 (S.D. N.Y. March 7, 1996)).

Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D. N.Y. 2002).

2

### III.   Discussion

Guided by the legal tenets set forth above, it is clear that a stay of discovery is appropriate in the instant matter.  Presently pending on the docket is Defendants' motion to dismiss the amended complaint. In the motion, Defendants set forth arguments that in all likelihood may narrow, if not eliminate, the claims set forth in the complaint.  For example, Defendants move to dismiss several of the named Defendants on the basis of lack of personal involvement.  As a result, it would be a waste of government resources for Defendants to respond to discovery requests when such a need may be eliminated or greatly narrowed, and where Defendants may even be dismissed from this action.  Accordingly, Defendants' motion to stay will be granted, and discovery stayed in this action pending resolution of the motion to dismiss.  In addition, the Clerk of Court will be directed to strike Plaintiff's discovery requests from the docket and return them to him.[1]  An appropriate order follows.

---

[1] Plaintiff is reminded that interrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties, but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court. See M.D. Pa. Local Rule 5.4(b).  After Defendants' motion to dismiss is resolved, if necessary, a period for conducting discovery will be imposed.  At that time, Plaintiff may serve any discovery requests on counsel for Defendants, but is not to file his discovery requests or responses thereto with the court.