# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN MOORE,** | : | **CIVIL NO. 3:13-CV-2771** |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **ANGELA MANN, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM ORDER[1]

### I.     Factual Background

This is a *pro se* prisoner civil rights action brought by a state prisoner which is currently proceeding against six correctional defendants on a single legal claim, an Eighth Amendment failure to protect claim. (Doc. 53.) This Eighth Amendment failure to protect claim stems out of remarks that Moore alleges the correctional officers made in the presence of others in the Fall of 2011, identifying Moore as both a snitch and a pedophile, remarks which Moore alleges placed him at grave risk of physical harm.

---

[1]The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

1

There is a pending motion to compel discovery filed in this case by Moore. (Doc. 65.) This motion, and further discovery, had been deferred for a period of time while the court addressed other legal issues. However, with a series of rulings by the district court on other matters in April of 2017, this motion is now ripe for resolution, and on April 14, 2017, this matter was referred to the undersigned for our consideration.

We have now reviewed the parties' pleadings with respect to these discovery issues. While Moore's motion to compel casts this discovery dispute as a wholesale failure by the defendants to provide any discovery, a review of the defendants' discovery responses shows that Moore's assertion is incorrect. In fact, the defendants have provided responses to many of Moore's discovery demands, albeit in a fashion which reveals very little factual support for Moore's claims. Thus, the defendants have responded to all of Moore's interrogatories and requests for production of documents, providing answers to many of these questions, lodging objections to some requests, and submitting both answers and objections to the remaining requests. While the defendants declined to address Moore's propounded deposition on written questions they did so for sound reasons, since this propounded discovery did not comply with the Federal Rules of Civil Procedure.

In a number of instances, the defendants objected to some of Moore's specific discovery demands, which sought personal, sexual information, information of a limitless scope relating to the identities of third parties and other inmates, data concerning other, unrelated inmate complaints against staff, social media histories and passwords used by prison staff, or demanded documents and information which was entirely unrelated to the issues in this case. Many of these discovery requests were argumentative in tone, impermissibly broad in scope, and sought to delve into areas that were both highly personal and irrelevant. However, in most instances, even as the defendants objected to these matters, they provided responses, albeit responses which largely contradicted and undermined Moore's claims of staff misconduct.

Having conducted this review for the reasons set forth below, with the narrow exception noted below, the motion to compel will be DENIED.

**II.    Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P., Rule 26(b)(1), which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., Rule 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of

an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Furthermore, in a prison setting, wide-ranging and far-reaching inmate requests for information can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental needs to confidentiality of certain data but recognizes that courts must balance the

confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Judged by these standards, we note that many of Moore's discovery demands sought personal, sexual information, information of a limitless temporal scope relating to the identities of third parties and other inmates, data concerning other, unrelated inmate complaints against staff, social media histories and passwords used by prison staff or other information which is completely unrelated to this case. Furthermore, many of these discovery requests were argumentative in tone, impermissibly broad in scope, and sought to delve into areas that were both highly personal and irrelevant. Thus, as we have noted in the past:

These are precisely the kinds of sweeping, generalized and overly broad discovery requests judges in the Middle District of Pennsylvania have rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff. See, e.g., Montanez v. Tritt, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016)**(denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues.") (Mariani, J.);** Lofton v. Wetzel, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) **(Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best.");** Sloan v. Murray, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) **(Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another);** Torres v. Clark, Civ. No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) **(Caldwell, J.) (denying motion to compel inmate request for discovery of 27-months of grievances about a specific cell block, finding it to be overly broad, burdensome, and potentially implicating privacy interests of other inmates);** McDowell v. Litz, Civ. No. 1:CV-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) **(Rambo, J.) (finding requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and agreeing with the defendants' "concerns about accessing private information with respect to other inmates' grievances.");** Callaham v. Mataloni, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at *3-4 (M.D. Pa. May 14, 2009) **(Jones, J.) (denying motion to compel, inter alia, grievances relating to medical treatment of other inmates, citing privacy concerns)**; cf. Banks v. Beard, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) **(Munley, J.) (denying motion**

7

**to compel account statements for other inmates despite plaintiff's claim of relevance).**

Mercaldo v. Wetzel, No. 1:13-CV-1139, 2016 WL 5851958, at *4 (M.D. Pa. Oct. 6, 2016).

Given the sweeping, personally intrusive, argumentative, and largely irrelevant nature of many of Moore's requests for production or interrogatories that have been objected to by the defendants, and the otherwise fulsome discovery provided to Moore by the defendants, in the exercise of our discretion we will decline Moore's invitation to compel further answers to these interrogatories and requests for production of documents.

We note that there was one additional category of discovery propounded by Moore which the defendants declined to answer in its entirety, a series of proposed depositions on written questions submitted by Moore. We have reviewed these propounded deposition questions and find that Moore had not fully complied with Rule 31 since "he has not actually taken the steps necessary to retain a suitable officer, [and] he has not informed the court or the defendants how he intends to pay the cost of these depositions." Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *3 (M.D. Pa. Sept. 23, 2013). On this score, "the plaintiff . . . bears the burden of complying with the procedural and financial requirements that such discovery commands. At this point, the plaintiff has not demonstrated that he has

8

fulfilled the requirements imposed by Rule[] 31 . . . of the Federal Rules of Civil Procedure, and he must do so before he will be able to avail himself of this discovery." Id. at *6.

Recognizing, however, that in these proffered depositions on written questions the plaintiff proposed to propound a limited number of questions to a discrete number of witnesses, we will in the exercise of our discretion over discovery matters permit the plaintiff to propound some additional questions as interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, provided the plaintiff tenders these interrogatories within the revised deadline for discovery set by this order and limits these inquiries to properly framed requests for relevant information.

### III.  Order

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion to compel (Doc. 65.) is DENIED without prejudice to the filing of up to ten additional interrogatories on or before **May 19, 2017**. Any supplemental interrogatories shall comply with this order and seek relevant information, focused on the remaining claim in this case, reasonably confined in time and place, set forth in a non-argumentative fashion.

So ordered this 18th day of April, 2017.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge