UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN MOORE,** | : | **CIVIL NO. 3:13-CV-2771** |
| **Plaintiff,** | : | **(Judge Brann)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANGELA MANN, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER[1]

### I. Factual Background

This is a *pro se* prisoner civil rights action brought by a state prisoner which is currently proceeding against six correctional defendants on a single legal claim, an Eighth Amendment failure to protect claim. (Doc. 53.) This Eighth Amendment failure to protect claim stems out of remarks that Moore alleges the correctional officers made in the presence of others in the Fall of 2011, identifying Moore as both a snitch and a pedophile, remarks which Moore alleges placed him at grave risk of physical harm.

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

1

There is a pending motion to appoint an expert witness filed in this case by Moore. (Doc. 96.) Moore apparently wishes to have the court appoint an expert witness, who would be compensated presumably by the court, to assist Moore in presenting his claims at trial.

**II.   Discussion**

This motion will be DENIED, without prejudice, for the reasons set forth below:

First, the motion is premature. There is no trial date scheduled in this case. This matter is still in pre-trial discovery, and a November 2017 dispositive motions deadline has been set by the court. Until we have had the opportunity to consider and assess any potential dispositive motion it would be premature to appoint any trial expert.

Second, the motion apparently stems from the premise that Moore believes he is entitled to the appointment of expert witnesses at no expense to himself to assist him in his presentation of this case at trial. On this score Moore errs. Nothing in 28 U.S.C. § 1915, the statute governing *in forma pauperis* litigation, authorizes federal courts to finance or pay for a party's litigation expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts within and

without the Third Circuit have recognized the limitations of federal courts to relieve indigent litigants from the costs of discovery or litigation of claims. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses,

and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). This rule also applies to expert witness requests like those made here, where it is well-settled that: "Even were an expert witness necessary, 'pro se inmates proceeding in forma pauperis must pay for the expenses involved in their civil actions,' and plaintiff has provided no indication that he has the ability to pay such costs. See Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987) (finding no authority for court to pay for expert witnesses of pro se plaintiff proceeding in forma pauperis)." Stones v. McDonald, 7 F. Supp. 3d 422, 432 (D. Del.), aff'd, 573 F. App'x 236 (3d Cir. 2014). Thus, as a general rule, the Court lacks the lawful authority to help finance, or relieve Plaintiff from the costs associated with retaining an expert witness.

Finally, "Although the court has broad discretion to appoint an independent expert under Rule 706, '[t]he policy behind the rule is to promote the jury's factfinding ability.' Ford v. Mercer Cnty. Corr. Ctr., 171 Fed.Appx. 416, 420 (3d Cir.2006) (unpublished). ' "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." ' Id. (citation omitted). Thus, '[a] trial judge does not abuse his [or her] discretion in declining to appoint an independent expert' if it determines that the expert is 'solely to benefit a party who has otherwise

4

failed to gather such evidence as would suffice to' prove his claims. Id. Moreover, Rule 706 is not intended to ensure that indigent plaintiffs have access to expert witnesses in order to make their case." Stones v. McDonald, 7 F. Supp. 3d 422, 431–32 (D. Del.), aff'd, 573 F. App'x 236 (3d Cir. 2014). Judged by these standards, Moore has not made the showing necessary to secure the appointment of an expert under Rule 706, and in the exercise of our discretion this request will be denied without prejudice.

An appropriate order follows:

### III. Order

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for appointment of an expert witness, (Doc. 96) is DENIED without prejudice.

So ordered this 13th day of October, 2017.

> */s/ Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge