# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN C. MOORE, | No. 4:13-CV-02771 |
| Plaintiff. | (Judge Brann) |
| v. | |
| ANGELA D. MANN, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 23, 2018

Defendants moved for summary judgment on Plaintiff's Amended Complaint. For the reasons that follow, that motion will be granted.

Plaintiff Brian C. Moore is an inmate at the Pennsylvania State Correctional Institute in Frackville, Pennsylvania. His Amended Complaint alleges that Defendant Angela D. Mann—a prison counselor—violated his Eighth Amendment rights when she told other inmates that he was gay, a pedophile, and a "snitch," because those accusations resulted in threats of violence being made against him by fellow inmates.[1]

To sustain his "deliberate indifference" claim, Mr. Moore must point to evidence showing that Ms. Mann "kn[e]w[] of and disregard[ed] an excessive risk

---

[1] ECF No. 10. The Amended Complaint contained other claims, but these were dismissed earlier via a motion to dismiss. ECF No. 53.

to [Mr. Moore's] health or safety."[2] In other words, Mr. Moore must show that Ms. Mann "[was] aware of facts from which the inference could be drawn that a substantial risk of serious harm [to Mr. Moore] exist[ed], and [that Ms. Mann] dr[e]w that inference."[3]

While Mr. Moore has submitted affidavits creating a genuine issue of material fact regarding whether or not Ms. Mann actually told other inmates that Mr. Moore was gay, a pedophile, or a "snitch,"[4] he has not submitted any facts from which a jury could find that Ms. Mann *actually* knew of, and disregarded, a risk of harm that those accusations would create.[5] Therefore, summary judgment will be granted in favor of Defendants.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[2] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[3] *Id.; see also Renchenski v. Williams*, 622 F.3d 315, 338 (3d Cir. 2010) ("To succeed on an Eighth Amendment claim . . . we also require that the defendant's wanton and unnecessary infliction of emotional harm include an improper state of mine. Where a person suffers injury as an incidental and unintended consequence of official actions, the abuse of power contemplated in the due process and Eighth Amendment cases does not arise.")

[4] ECF No. 108-1, Exs. 1 and 2.

[5] *Cf. Northington v. Marin*, 102 F.3d 1564, 1567 (10th Cir. 1996) (affirming judgment on "deliberate indifference" claim against defendant who called plaintiff-inmate a "snitch," where defendant "himself testified that if he spread a rumor in the jail that an inmate was a snitch, the inmate would probably be beaten by other inmates").