IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN C. MOORE,** | : | Civil No. 3:13-CV-2771 |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Carlson) |
| **ANGELA D. MANN, et al.,** | : | |
| Defendants. | : | |

# MEMORANDUM AND ORDER

## I. Factual and Procedural Background

This case comes before us for resolution of a motion to compel. (Doc. 143). By way of background, Brian C. Moore is an inmate in the custody of the Pennsylvania Department of Corrections, currently housed at the State Correctional Institution-Mahanoy where he is serving a lengthy sentence. Moore was previously housed at SCI-Coal Township and SCI-Smithfield, and his allegations in this case concern issues that allegedly arose at both of those institutions.

Moore alleges that in 2011, he witnessed his former counselor at SCI-Coal Township, Angela Mann, engaging in inappropriate sexual contact with other inmates. He claims that when Mann became aware that he had witnessed the misconduct, she and four other corrections staff members retaliated against him by making inflammatory statements about Moore's criminal past, identifying him as a

pedophile, homosexual, and labeling him a "snitch." Moore alleges that by recklessly spreading this information among inmates at the prison, the defendants violated his rights under the Eighth Amendment to the United States Constitution by placing Moore in a class of vulnerable inmates that are frequently subject to assault and serious bodily injury. Moore has both alleged and sworn that the defendants spread the information about him and that he has been threatened and is in danger because of the information that the defendants shared with other inmates. This case is proceeding forward on an Eighth Amendment failure-to-protect claim and the parties have consented to magistrate judge jurisdiction. Presently, there are two motions pending before the court: a defense motion for summary judgment, (Doc. 139) and the plaintiff's motion to compel. (Doc. 143).

In his motion to compel, Moore seeks three categories of information: First, he requests information concerning the whereabouts or last known address of three potential inmate-witnesses. Second, Moore demands copies of any emails or other electronic records authored by Defendant Mann while employed as a counselor at SCI Coal Township from November 3-11, 2011; February 19, 2012 through March 19, 2021; and May 1, 2012 through August 2, 2012. Finally, Moore requests any information from the personnel files of the defendants which relate to investigations of, or disciplinary actions arising out of, the events alleged by the plaintiff. (Docs. 143, 144).

The defendants have responded to this motion. (Doc. 145). In this response, the defendants generally argue that Moore's motion is untimely,[1] but also assert a number of more specific arguments. At the outset, the defendants assert that they have already answered a number of Moore's discovery requests, at least in part. For example, they have previously notified Moore that they no longer possess emails or electronic media produced by Mann during her tenure as a prison counselor some ten years ago. In addition, they have disclosed that two of the three potential inmate-witnesses identified by Moore have been released from custody. Further, while they have objected to the request to examine staff personnel files, they have provided Moore with copies of Mann's 2012 resignation letter, and have averred that "nothing exists regarding any discipline relating to the remaining claim in this case." (Id., at 2).

Upon consideration of the parties' positions, for the reasons set forth below, we will DENY this motion to compel, in part, and GRANT this motion, in part, as discussed below.

---

[1] With respect to this timeliness argument, we recognize that this motion comes late in the day, as does the defense summary judgment motion. However, given the procedural history of this case, we have previously notified all parties that we would entertain a final series of discovery and dispositive motions. (Doc. 136). Therefore, we will address this motion on its merits.

## II. <u>Discussion</u>

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See</u> <u>Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996); <u>see also</u> <u>Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines

the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Therefore, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.' " Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Several other considerations guide us in addressing this discovery dispute. First:

> [T]o the extent that litigants seek personnel files in discovery, courts have long recognized that:
>
>> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan–Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[P]ersonnel files are confidential and discovery should be limited."). The court must weigh the right to relevant discovery against the privacy interest of non-parties. The court finds that plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance.

Harris v. Harley–Davidson Motor Co. Operations, Inc., No. 09–1449, 2010 WL 4683776, *5 (M.D. Pa. Nov.10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("personnel files are confidential and discovery should be limited.").

Finally, one other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc., No. 08–5904, 2010 WL 5186088 (E.D. Pa. Dec.21, 2010); Knauss v. Shannon, No. 08–1698, 2009 WL 975251 (M.D. Pa. April 9, 2009).

With these legal guideposts in mind, we turn to consideration of Moore's various discovery requests.

At the outset, considering Moore's request for access to any electronic media or emails of Defendant Mann, the defendants have asserted that no such material exists for this defendant, who left state employment in 2012. It is axiomatic that we cannot compel the production of information that does not exist. Therefore, this request will be denied.

As for Moore's request for further information regarding the whereabouts and last known addresses of three potential inmate witnesses, this request is granted.

While we appreciate the defendants position concerning the availability and reliability of any such testimony, but at this stage where the rules governing discovery provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," we will direct the defendants to provide the current whereabouts or last known address of these three potential witnesses to the plaintiff.

Finally, we turn to Moore's request for access to personnel files of the defendants for information relating to the allegations in this case, we conclude as follows: First, to the extent that Moore may seek wholesale access to these personnel files, this request is denied. We also accept the defendants' representation that the files contain no disciplinary action against Defendant Mann but observe that the previous discovery disclosures made by the defense suggest that Mann resigned in August of 2012, in lieu of discharge. (Doc. 144-1, at 9-12). We cannot discern, however, if these matters which led to Mann's resignation touch upon the issues in this case. We are also acutely mindful of the significant privacy issues that are implicated by any inquiry into personnel files and recognize that we must strike a balance between the plaintiff's right to obtain relevant discoverable information and these privacy interests. Therefore:

> When striking this balance courts have, in the past, reconciled the competing needs of civil rights litigants for information regarding facts developed by agency officials, with the Government's need to protect its deliberative processes, by directing the release of non-privileged,

9

> factual information in a report to the plaintiff. For example, in <u>Sullivan v. Pa. Dep't of Corrections</u>, 2007 U.S. Dist. LEXIS 19216, *1–2 (M.D. Pa. 2007) (McClure, J.), the Court limited discovery of a report regarding an investigation by the OPR concerning allegations made by two former prison psychologists, holding that, after weighing the parties' interests, only certain non-privileged material contained in the investigation report was discoverable under Rule 26. Id. at *9. Recognizing that these prison records may contain arguably discoverable factual material, we have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, <u>see Paluch v. Dawson</u>, No. 06–1751, 2007 WL 4375937, *4–5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. <u>Paluch v. Dawson</u>, No. 06–175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008). <u>See Williams v. Klem</u>, No. CIV. 3:07-1044, 2011 WL 830537, at *2–3 (M.D. Pa. Mar. 3, 2011).

<u>Torres v. Harris</u>, No. 4:17-CV-1977, 2019 WL 265804, at *5 (M.D. Pa. Jan. 18, 2019).

This is the course we will follow in this instant case. To the extent that the defendants' personnel files contain information: (1) relating to investigations of, or disciplinary actions arising out of the events alleged by the plaintiff; (2) regarding inappropriate contact between defendant Mann and inmates; or (3) information relating to the circumstances under which Defendant Mann resigned in August of 2012, in lieu of discharge, that documentation will be provided to the court for its *in camera* review on or before **September 23, 2021**. If no such material exists, the defendants will attest to that fact.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN C. MOORE,** | : | **Civil No. 3:13-CV-2771** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **ANGELA D. MANN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2d day of September 2021, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel (Doc. 139) is GRANTED, in part, and DENIED, in part, as follows :

First, Moore's request for access to any electronic media or emails of Defendant Mann, is DENIED since the defendants have asserted that no such material exists for this defendant.

Second, as for Moore's request for further information regarding the whereabouts and last known addresses of three potential inmate witnesses, this request is GRANTED and the defendants will provide the current whereabouts or last known address of these three potential witnesses to the plaintiff.

Third, with respect to Moore's request for access to personnel files of the defendants for information relating to the allegations in this case, to the extent that

11

Moore may seek wholesale access to these personnel files, this request is DENIED. However, IT IS ORDERED that to the extent that the defendants' personnel files contain information: (1) relating to investigations of, or disciplinary actions arising out of the events alleged by the plaintiff; (2) regarding inappropriate contact between defendant Mann and inmates; or (3) information relating to the circumstances under which Defendant Mann resigned in August of 2012, in lieu of discharge, that documentation will be provided to the court for its *in camera* review on or before **September 23, 2021**. If no such material exists, the defendants will attest to that fact.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge