## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN C. MOORE,** | : | **Civil No. 3:13-CV-02771** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANGELA D. MANN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.      Factual Background

Contractual disputes often entail divining the intent of the parties. In many instances, this task reduces itself to an exercise in determining whether the parties genuinely failed to have a meeting of the minds, or whether the parties reached an agreement, albeit a rudimentary accord as to which the parties now dispute some collateral details.

So it is in this case. Now pending before the Court is the defendant's motion to enforce a settlement agreement that the defendant contends the parties reached in full resolution of this litigation. (Doc. 188). By way of background, the plaintiff, Brian Moore, a state inmate, brought this lawsuit in November of 2013, nearly nine

years ago. (Doc. 1). Following protracted proceedings before the district court and Court of Appeals, in April of 2021, the parties consented to magistrate judge jurisdiction. (Doc. 131). We then entered a series of scheduling and pretrial orders, addressed a summary judgment motion filed by the defendant, and scheduled the case for a non-jury trial on the issue of exhaustion of administrative remedies in April of 2022. (Docs. 132-172).

In preparation for that non-jury trial, we conducted a telephonic pretrial conference on March 18, 2022. At that time, in the court's presence, the parties entered into an agreement settling this lawsuit. (Doc. 173). The essential terms of this agreement were that the Commonwealth would pay the sum of $3,000 to the plaintiff in return for the dismissal of this longstanding lawsuit. While we recall that it was discussed that the issuance of the payment by the Commonwealth was a process that may take some time, we do not believe that the parties reached an accord on any other specific non-economic terms of a settlement. (Id.) Given the agreement of the parties to these essential settlement terms, we then entered an order closing this case administratively.

What then ensued was prolonged squabbling by the parties over a series of collateral, non-economic terms of their accord. (Docs. 175-187). In the course of these exchanges, the parties each endeavored to enlist our aid in securing some

additional settlement terms from one another. (Id.) Ultimately, the parties reported that they could not come to an agreement on these other, collateral issues. (Docs. 186-87). However, nothing in the parties' disputes regarding these collateral matters changed the essential terms of the bargain struck by the parties in the court's presence on March 18, 2022; namely, an agreement to dismiss this case in return for the payment of $3,000 by the Commonwealth.

With the parties at an impasse on these collateral questions, the defendant has now filed the instant motion to enforce (Doc. 188), which requests two alternate forms of relief, and asks that:

> [T]he Court to compel Plaintiff the sign the attached version four of a Settlement Agreement and return it to Defendants Counsel in order to complete consummation of the settlement within 90 days of receipt of the signed Settlement Agreement. Exhibit A. Alternatively, Defendants request the Court to issue an Order memorializing that on March 18, 2022 during a telephonic conference, the Parties settled this matter for $3,000.00 and that Defendants have an additional 90 days to consummate the settlement by paying Plaintiff said sum of money.

(Doc. 189, at 3).

For the reasons set forth below, we will grant this motion, in part, in that we will enforce the terms of the oral agreement made in our presence by directing the Commonwealth to pay the plaintiff $3,000 within ninety days from today's date.

## II.   **Discussion**

The legal benchmarks which govern this dispute are familiar ones. A settlement agreement is a form of contract. See Mortellite v. Novartis Crop Prot., Inc., 460 F.3d 483, 492 (3d Cir. 2006). Thus, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970) (per curiam); see also Wyndmoor Learning Ctr. v. City of Wilmington, 1996 WL 11747, at *7 (E.D. Pa. Mar. 12, 1996) (quoting Pugh v. Super Fresh Food Markets, Inc., 640 F.Supp. 1306, 1308 (E.D. Pa. 1986)) (a "'settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing'"). As with all contracts, however, critical to the formation of a settlement agreement's enforcement is that "the minds of the parties should meet upon all terms, as well as the subject matter, of the [agreement]." Mazzella v. Koken, 739 A.2d 531, 536 (Pa. 1999). The essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds. Riviello v. First Nat. Cmty. Bank, Civ. A. 3:10-2347, 2013 WL 1348259 (M.D. Pa. Apr. 3, 2013).

Furthermore, as a general rule, the party asserting the existence of a settlement

4

agreement bears the burden of proving the existence of that agreement in terms that are sufficiently definite to be enforceable. See Garba v. Fresh Exp., Inc., No. 1:13-CV-2497, 2014 WL 4976269, at *3 (M.D. Pa. Sept. 30, 2014) (party asserting existence of oral settlement agreement bears the burden of proof on the issue of attorney's authority to enter into the agreement). Moreover, it is well settled that:

> In Pennsylvania, one party may enforce and legally bind another party with oral agreement. Kazanjian v. New England Petroleum Corp., 332 Pa.Super. 1, 480 A.2d 1153, 1157 (Pa.Super.Ct.1984). "Moreover, it is well-settled in Pennsylvania that where the parties have settled upon the essential terms and the only remaining act to be done is the formalization of the agreement, the latter is not inconsistent with the present contract." Melo–Sonics Corp. v. Cropp, 342 F.2d 856, 859–60 (3d Cir.1965); accord Main Line Theaters, Inc. v. Paramount Film Distrib. Corp., 298 F.2d 801, 803 (3d Cir.), cert. denied, 370 U.S. 939, 82 S.Ct. 1585, 8 L.Ed.2d 807 (1962); Compu Forms Control, Inc. v. Altus Group, Inc., 393 Pa.Super. 294, 574 A.2d 618, 623 (Pa.Super.Ct.1990) (citing Woodbridge v. Hall, 366 Pa. 46, 76 A.2d 205 (Pa.1950). Furthermore, " '[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing.' " Gross v. Penn Mut. Life Ins. Co., 396 F.Supp. 373, 374 (E.D.Pa.1975) (quoting Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir.1970)).
>
> Frank v. Nostalgia Network, Inc., CIV. A. 96–2921, 1997 WL 44845 (E.D.Pa. Jan.30, 1997).

Further, when deciding whether counsel had the authority to enter into a settlement agreement on behalf of a client, "it is 'clear and well-settled that an attorney must have express authority in order to bind a client to a settlement agreement.' Reutzel v. Douglas, 582 Pa. 149, 870 A.2d 787, 789–90 (2005). 'Express authority' empowering an attorney to settle a client's claim 'must be the result of explicit instructions regarding settlement.' Tiernan v. Devoe, 923 F.2d 1024, 1033 (3d Cir.1991)." Pisarz v. PPL Corp., 4:10–CV–01432, 2014 WL 220778, *1 (M.D. Pa. Jan.21, 2014). "Further, although Pennsylvania's rule requiring attorneys to obtain express settlement authority is intended to ensure that clients do not 'forfeit substantial legal rights' unknowingly, Reutzel, 870 A.2d at 790, attorneys are not expected to be telepathists or even infallible interpreters of clients's verbalized communications. An attorney is, rather, expressly authorized to settle a client's case 'if he is reasonable in drawing an inference that the [client] intended him so to act although that was not the [client's] intent.' Restatement (Second) of Agency § 7 cmt. b." Pisarz v. PPL Corp., 4:10–CV–01432, 2014 WL 220778, *4 (M.D. Pa. Jan.21, 2014).

Garba v. Fresh Exp., Inc., No. 1:13-CV-2497, 2014 WL 4976269, at *4 (M.D. Pa. Sept. 30, 2014).

Here, as we have explained, on March 18, 2022, in our presence the parties entered into what we deem to be a specific and enforceable settlement agreement, albeit an agreement which entailed few moving parts. The plaintiff agreed to dismiss this lawsuit in return for the payment of $3,000 by the Commonwealth, a payment process that all parties were informed would bureaucratically take some weeks to complete. As to these essential terms, we find, therefore, that the defendant has sufficiently proven the existence of a valid, enforceable settlement agreement. While

6

the parties were unable to reach an accord on other, collateral, non-economic terms, that disagreement does not change the fundamental nature of the settlement agreement which they reached. Nor does their dispute regarding these other less significant matters, in our view, render their essential oral agreement unenforceable. We will, therefore, enforce the mutual oral promises made by the parties in our presence on March 18, 2022.

**III.   <u>Conclusion</u>**

Accordingly, because we find that there was a valid and enforceable oral settlement agreement between these parties, albeit a rudimentary one, we will enforce that agreement by ordering the Commonwealth to pay the plaintiff $3,000 within ninety days from today's date.

An appropriate order follows.

<u>/s/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge

DATED: August 25, 2022

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRIAN C. MOORE,** | : | **Civil No. 3:13-CV-02771** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANGELA D. MANN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND Now this 25th day of August 2022, in accordance with the accompanying memorandum, and the court finding that the parties entered into an enforceable oral settlement agreement in our presence on March 18, 2022 which we will enforce, IT IS ORDERED that the motion to enforce settlement, (Doc. 188), is GRANTED, in part as follows: Consistent with the terms of the oral agreement between the parties, in return for the dismissal of this lawsuit by the plaintiff, the Commonwealth will pay the plaintiff the sum of $3,000. In recognition of the bureaucratic process which must be followed for issuance of payments from the Commonwealth, which was discussed by the parties, this payment will be made within ninety (90) days from today's date.

The Court will retain jurisdiction over this case for the sole purpose of

8

ensuring compliance with this order confirming the terms of the oral agreement reached by the parties.

This case shall otherwise remain closed.


/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge